**Carl Leander MONTGOMERY, Plaintiff/Appellant,**

v.

**MAYOR OF the CITY OF COVINGTON; Board of Aldermen for the City of Covington; and City of Covington, Defendants/Appellees.**

Court of Appeals of Tennessee, Western Section, at Jackson.

Dec. 5, 1988.

Application for Permission to Appeal Denied by Supreme Court Feb. 27, 1989.

Amanda Linn Cashion, Millington, for plaintiff/appellant.

Charles A. Sevier, Wilson, McRae, Ivy, Sevier, McTyier and Strain, Memphis, for defendants/appellees.

FARMER, Judge.

This case arises from the dismissal of a suit for wrongful discharge.

The complaint alleges that the plaintiff, Carl Leander Montgomery, was employed by the City of Covington as a police officer from January 1983 until January 1986 when he became medically disabled from performing a patrolman's duties. This disability resulted from the aggravation of an injury sustained in June 1984 in the course of employment. From January 1986 through May 1986, plaintiff received paychecks which represented sick pay and vacation pay. These payments were stopped in May 1986 and in the summer of 1986 plaintiff filed a claim for workers' compensation benefits. The plaintiff's doctor testified by deposition in plaintiff's workers' compensation action that the plaintiff was physically incapable of performing a patrol officer's duties due to his back injury but that the plaintiff could continue to perform duties of a more sedentary nature. Plaintiff applied for a position in the dispatcher's office of the same department. However, he was informed that a better qualified candidate was selected. In November of 1986, an order was entered in chancery court approving a workers' compensation settlement. Plaintiff contends that repeated efforts have been made to ascertain plaintiff's employment status but that no definitive response has been made.

Plaintiff brought this suit for what he terms "constructive retaliatory discharge/wrongful termination of employment" against the defendants Mayor of the City of Covington, Board of Aldermen for the City of Covington and the City of Covington. The defendants moved to dismiss the action pursuant to Tennessee Rules of Civil Procedure Rule 12.02 for failure to state a claim contending that defendants are immune from liability pursuant to the Tennessee Governmental Tort Liability Act § 29-20-101 *et seq.*

Pursuant to T.C.A. § 29–20–307, which grants circuit court exclusive jurisdiction over suits brought pursuant to the Governmental Tort Liability Act, the cause was transferred from chancery court to circuit court, where it was dismissed. We perceive the sole issue to be whether the Tennessee Governmental Tort Liability Act grants the city of Covington immunity from a suit based on wrongful discharge. This is a question of law, therefore the scope of review for the Court of Appeals is *de novo* with no presumption of correctness for the trial court's conclusion. *Billington v. Crowder,* 553 S.W.2d 590 (Tenn. App.1977).

Tennessee's Governmental Tort Liability Act (hereinafter GTLA) grants complete immunity to governmental entities in Section 29–20–201 which reads as follows:

(a) Except as may be otherwise provided in this chapter, all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities wherein such governmental entities are engaged in the exercise and discharge of any of their functions, governmental or proprietary.

The plaintiff contends that by virtue of *Clanton v. Cain–Sloan,* 677 S.W.2d 441 (Tenn.1984), his action is an action under the workers' compensation statutes of Tennessee and therefore is covered by § 29–20–106 of GTLA which reads in part: "This chapter shall not apply to any action brought by an employee under the workers' compensation laws of Tennessee." We interpret this section as referring to claims for workers' compensation benefits only. The court in *Clanton v. Cain–Sloan* created an exception to the terminable at will doctrine when one is fired for availing oneself of the workers' compensation statutes. 677 S.W.2d 441 (Tenn.1984). An action such as this for retaliatory discharge is not an action for compensation brought under the workers' compensation laws and § 29–20–106 does not apply.

In any event, as noted above the GTLA grants complete immunity to governmental entities. This immunity is removed in several specific instances. Section 29–20–202

removes immunity for injury from negligent operation of motor vehicles; § 29–20–203 removes immunity for injury from unsafe streets and highways; and § 29–20–204 removes immunity for injury from dangerous structures. Section 29–20–205 involves a general removal of immunity for injury caused by negligent acts or omissions of employees. In that section, there are listed eight exceptions to the removal of immunity for negligent acts or omissions. Referring to these sections, the Tennessee Supreme Court in *Jenkins v. Loudon County* stated:

These exceptions and the others contained in this provision make it evident that, while the Legislature did envision a comprehensive scheme, the scope of the GTLA is *generally intended to exclude intentional torts* as well as certain other torts involving intervening events (riots, etc.) or discretionary or necessary governmental activities. (emphasis added)

736 S.W.2d 603, 608 (Tenn.1987). An action for retaliatory discharge is by its very nature an action based on the intent of the employer to discharge the employee for availing himself of the statutory remedy under the workers' compensation statutes. Therefore this would not be a negligent act or omission and immunity would not be removed at all. Thus the city enjoys complete immunity from this action.

We affirm the decision of the court below. Costs of this appeal are taxed against the appellant for which execution may issue if necessary.

TODD, P.J., and CRAWFORD, J., concur.