**Margaret WILLIAMS, Plaintiff/Appellant,**

v.

**WILLIAMSON COUNTY BOARD OF ED- UCATION, Rebecca Schwab, and Robert Cullen, Defendants/Appellees.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Aug. 17, 1994.

Permission to Appeal Denied by Supreme Court Dec. 5, 1994.

Margaret Williams, pro se.

Thomas M. Donnell, Jr., Alan T. Fister, Stewart, Estes & Donnell, Nashville, for defendants, appellees.

### *OPINION*

CANTRELL, Judge.

After her contract as a personnel secretary with the Williamson County School Board was not renewed, the plaintiff sued the board, the superintendent of schools, and her immediate supervisor for a retaliatory discharge. She also sued her supervisor and the superintendent for procuring a breach of the contract between her and her health insurance carrier and for interfering with her employment by the board. The Chancery Court of Williamson County granted the defendants' summary judgment. We reverse the judgment as to the supervisor on the claim for procuring a breach of the contract with the health insurance carrier. We affirm in all other respects.

### I.

The plaintiff went to work for the board on a one year contract for the 1990–91 school year. She worked for the board's personnel director. In April of 1991 she had surgery, a part of which her supervisor thought was unnecessary. When he told the insurance carrier that it should not pay for cosmetic surgery the carrier refused to pay some of the bills. The carrier did ultimately pay the bills, however, when the plaintiff threatened legal action.

The plaintiff alleged that when she threatened to take legal action in the fall of 1991—after her contract had been renewed for the 1990–91 school year—her supervisor hinted that her contract would not be renewed. In fact, the superintendent did not recommend

her for re-employment and her contract ended on June 30, 1992.

Of all the causes of action asserted in her complaint, the plaintiff presses only three of them on appeal. She insists that she has a cause of action for retaliatory discharge because she was terminated for exercising her rights under the medical insurance plan; she also insists that she has a cause of action against her supervisor and the superintendent for interfering with her employment relationship with the school board; and she asserts a claim against her supervisor for interfering with her contract rights under the insurance plan.

All the defendants answered the complaint, denied the allegations of wrongdoing, and raised the defense of sovereign immunity. In addition, the defendants alleged that the plaintiff was not rehired because of misconduct at work and because of substandard job performance.

The Chancery Court of Williamson County granted the defendants' motion for summary judgment. The only basis for the lower court's action is included in the following excerpt from the final decree: "Upon consideration of the pleadings, the affidavits filed by the parties and the entire record in this cause, the court is of the opinion that the facts alleged and advanced by the plaintiff, together with the facts advanced by defendants which have not been controverted, fail to support any basis that would entitle plaintiff to a recovery."

## II.  The Retaliatory Discharge

### a.  The Board

In addition to the sovereign immunity defense, the board argues that since the plaintiff's contract ended by its own terms on June 30, 1992, there can be no action for retaliatory discharge. The board also asserts that the record conclusively shows a legal cause for not renewing the plaintiff's contract.

■ We do not reach these two questions, however, because sovereign immunity is a complete defense for a governmental entity to a retaliatory discharge claim. *Montgomery v. City of Covington,* 778 S.W.2d 444

(Tenn.App.1988). It is not a negligent act or omission, and immunity is not removed for acts of this nature. *Id.* at 445.

### b.  The Individuals

■ We do not think the complaint states a cause of action against the individuals for a retaliatory discharge. The discharge, if any, was by the board, not by the individuals. The plaintiff was not an employee of the individuals. In *Johnson v. Johnson,* No. 01–A–01–9204–CV–00166, 1992 WL 184743 (filed in Nashville August 5, 1992), this court held that a supervisor could not be held liable for the retaliatory discharge of a subordinate. Although the precedential value of the case may be suspect because the Supreme Court denied permission to appeal concurring only in the results, it is the result that is important here.

## III.

### Intentional Interference with Health Insurance Contract

■ The defendants assert that the one year statute of limitations in Tenn.Code Ann. § 28–3–104 is a bar to this claim. This defense was not raised in the lower court, however, and cannot be raised here for the first time. Tenn.Code Ann. § 16–4–108; *see John Weis, Inc. v. Reed,* 22 Tenn.App. 90, 118 S.W.2d 677 (1938).

■ In addition, we are not convinced that the one year statute of limitations covers all elements of damages arising from an induced breach of contract. Therefore, we will examine the merits of this alleged cause of action. In this state, liability for procuring the breach of a lawful contract is based on Tenn. Code Ann. § 47–50–109. The statute, which codifies a common law tort, provides for treble damages "resulting from or incident to the breach of the contract." As applied by our courts the tort requires the presence of seven elements. *TSC Industries, Inc. v. Tomlin,* 743 S.W.2d 169 (Tenn.App.1987). Pertinent to this case are the following: (1) the wrongdoer must have intended to induce the breach, (2) the wrongdoer must have acted with malice, (3) the wrongdoer's action

resulted in a breach, and (4) damages resulted from the breach.

■ In his motion for summary judgment and in the memorandum of law supporting it, the plaintiff's supervisor attempted to put in issue all the above elements of the cause of action for inducing a breach of contract. The supervisor's affidavit, however, does not address the intentional interference claim respecting the health insurance contract. The memorandum does point out that the complaint admits that the health benefits were ultimately paid by the carrier. In her response to the motion, the plaintiff filed her own affidavit to which she attached certain internal memoranda from her insurance carrier relative to her claim for medical expenses.[1] From these memoranda one could infer that the plaintiff's supervisor had contacted the insurance company to assert that the school system opposed the payment of medical bills incurred for cosmetic surgery. That contact apparently caused the insurance company to review the claim to determine if it was medically necessary. The company did pay the claim, but only after the plaintiff hired an attorney to assist her.

■ When a motion for summary judgment is properly supported the opponent of the motion must set forth facts that show a trial is necessary. As our Supreme Court said in *Byrd v. Hall*, 847 S.W.2d 208 (Tenn. 1993):

. When the party seeking summary judgment makes a properly supported motion, the burden then shifts to the nonmoving party to set forth specific facts, not legal conclusions, by using affidavits or the discovery materials listed in Rule 56.03, establishing that there are indeed disputed, material facts creating a genuine issue that needs to be resolved by the trier of fact and that a trial is therefore necessary. The nonmoving party may not rely upon the allegations or denials of his pleadings in carrying out this burden as mandated by Rule 56.05.

847 S.W.2d at 215.

The court in *Byrd v. Hall* approved the rationale of the United States Supreme Court in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), where the court held that after a properly supported summary judgment motion the nonmoving party must show that it has evidence tending to establish all essential elements of its case on which it will have the burden of proof at trial.

■ We do not think the plaintiff's immediate supervisor has properly supported his motion for summary judgment on this cause of action. He does not point to any evidence in the record showing an absence of malice or that the contract was not breached. In his affidavit he does not even deny that he intended to prevent the payment of the insurance claims. He does point to the plaintiff's admission that the claims were ultimately paid, but her affidavit says she had to hire an attorney to effect the payment. We think the record shows that the facts are disputed as to whether the plaintiff was damaged by the defendant's alleged interference with the contract between her and the insurer.

We, therefore, hold that summary judgment for the supervisor was improper on this cause of action.

■ There is no claim that the superintendent was involved in the insurance company's failure to pay the insurance benefits. Summary judgment in her favor for this claim was, therefore, proper.

## IV.

### Intentional Interference with Employment by the Board

■ The plaintiff also charges that her supervisor and the superintendent procured the breach of her contract with the board. We think, however, the real question is whether the defendants could be held liable for the board's failure to renew the contract. The contract was not breached; it continued until its pre-set termination date.

---

1. The defendants object to consideration of these memoranda on hearsay grounds. For the purpose of this discussion, however, we will treat them as admissible.

In *Ladd v. Roane Hosiery Mills,* 556 S.W.2d 758 (Tenn.1977), our Supreme Court recognized that a person could be liable for intentionally and without justification procuring the discharge of an at will employee. We think the same cause of action would lie for wrongfully inducing an employer not to renew an employee's contract. In *Forrester v. Stockstill,* 869 S.W.2d 328 (Tenn.1994), the court held that a corporate officer, director, or employee may be liable for interfering with a corporate contract of employment if the defendant acts outside the scope of his authority, acts with malice, or acts to serve his own interests. We think the situation here is analogous to the corporate setting discussed in *Forrester.*

Both defendants filed affidavits in which they stated that their recommendation that the plaintiff not be rehired by the board was based on her poor job performance. Her supervisor also denied that his recommendation had anything to do with the dispute over the medical benefits.

Although the plaintiff filed her affidavit in opposition to the motion for summary judgment, there is nothing in it to support an inference that either defendant acted outside his or her authority, or with malice, or in pursuit of his or her own interests. Therefore, we think the lower court properly dismissed this claim.

The judgment of the lower court is reversed as to the claim against the plaintiff's supervisor for intentional interference with the contract for insurance benefits. In all other respects the judgment is affirmed and the cause is remanded to the Chancery Court of Williamson County for further proceedings. Tax the costs on appeal one-half to the appellant and one-half to the appellee, Cullen.

TODD, P.J., and LEWIS, J., concur.