# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
September 5, 2000 Session

## ROY BAINES v. WILSON COUNTY, TENNESSEE, ET AL.

**Appeal from the Chancery Court for Wilson County**
**No. 96464    C.K. Smith, Chancellor**

---

**No. M2000-00830-COA-R3-CV - Filed February 7, 2002**

---

This appeal involves a suit for retaliatory discharge brought by the plaintiff against Wilson County, Wilson Emergency Management Agency and the plaintiff's supervisor. The plaintiff asserts that he was fired in retaliation for filing a workers' compensation claim. The trial court dismissed the plaintiff's claim because, it held, Wilson County and Wilson Emergency Management Agency were both immune pursuant to the Tennessee Governmental Tort Liability Act. Further, it held that the plaintiff did not allege a prima facie case of retaliatory discharge against his supervisor because his supervisor was not his employer. We agree and, therefore, affirm the holdings of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded**

PATRICIA J. COTTRELL, J., delivered the opinion of the court, in which WILLIAM C. KOCH, JR. and WILLIAM B. CAIN, JJ., joined.

Neal Agee, Jr., Lebanon, Tennessee, for the appellant, Roy Baines.

Christopher W. Cardwell, Nashville, Tennessee, for the appellees, Wilson County Tennessee, Wilson County Emergency Management Agency, and David Hale, individually, and in his official capacity as Chief of the Wilson Emergency Management Agency.

## OPINION

The issue presented to this court is whether the trial court correctly granted the defendant's motion to dismiss based on the pleadings pursuant to Tenn. R. Civ. P. 12.03. When presented such a motion, the court must take all the factual allegations alleged by the plaintiff as true. *Waller v. Bryan*, 16 S.W.3d 770, 773 (Tenn. Ct. App. 1999). Therefore, we outline those allegations below.

Roy Baines, the plaintiff in the underlying action and the appellant herein, was employed as a firefighter and ambulance driver by the Wilson Emergency Management Agency ("WEMA") and its predecessor from September of 1986 to January 29, 1996. WEMA is a governmental entity and a political subdivision of Wilson County. On or about May 10, 1993, Mr. Baines was injured in a work-related accident and, due to his impairment, filed suit to obtain workers' compensation benefits. The case settled by an Agreed Order for 50% permanent partial impairment.

Thereafter Mr. Baines returned to work with restrictions and was assigned to a position as a dispatcher. Mr. Baines claims the schedule and other requirements of the position caused him to suffer physical exhaustion and emotional stress. Consequently, he took voluntary sick leave and requested that he be placed in another dispatching position with a shorter shift, but that request was denied by his supervisor, Mr. Hale. Shortly thereafter, upon the expiration of Mr. Baines's sick leave, Mr. Hale terminated Mr. Baines's employment.

David Hale, the Chief of WEMA, is solely responsible for all the employment decisions made about the WEMA staff. According to Mr. Baines, Mr. Hale made it known that WEMA employees were not to file lawsuits against WEMA to claim workers' compensation benefits and that if they did so they would be considered unfaithful and no longer allowed to work at WEMA.

Mr. Baines filed suit in Chancery Court for the common law tort of retaliatory discharge against Wilson County, WEMA and Mr. Hale, both individually and in his official capacity. Mr. Baines alleged that Mr. Hale's actions were discriminatory and in retaliation for his filing a workers' compensation claim. The defendants filed a motion to dismiss claiming immunity. The trial court granted this motion, and Mr. Baines is before this court on appeal.

The issue before us is whether the trial court correctly granted the defendants' motion to dismiss, first with respect to the suit against Wilson County and WEMA, and second, as to the suit against Mr. Hale. This is a question of law, therefore the scope of review for the Court of Appeals is *de novo* with no presumption of correctness for the trial court's conclusion. *Montgomery v. Mayor of City of Covington*, 778 S.W.2d 444, 445 (Tenn. Ct. App. 1989).

## I. The Tort of Retaliatory Discharge

The common law tort of retaliatory or wrongful discharge was first announced by the Tennessee Supreme Court in *Clanton v. Cain-Sloan Co.*, 677 S.W.2d 441 (Tenn. 1984), as a limitation to the doctrine of at-will employment. The doctrine of at-will employment provides that employees working without an employment contract are generally subject to termination for good cause, bad cause, or no cause at all without the employer being guilty of a legal wrong. *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997); *Watson v. Cleveland Chair Co.*, 789 S.W.2d 538, 540 (Tenn. 1989). While this doctrine is still enforced by the courts of this state, it has been limited by the General Assembly[1] and by the Tennessee Supreme Court. In *Clanton* the Tennessee Supreme Court held that an employer could not discharge an at-will employee solely because the employee had sought workers' compensation benefits on the basis that such discharge violated the public policy of the state, as evidenced by the statutes on workers' compensation. *Clanton*, 677 S.W.2d at 445.

In *Anderson v. Standard Register Co.*, 857 S.W.2d 555 (Tenn. 1993), affirming its prior holdings, the Tennessee Supreme Court held that generally at-will employees may be discharged

---

[1]The General Assembly has limited the at will doctrine in several instances. For example, it has created a retaliatory discharge cause of action for employees discharged because they refused to participate in or remain silent about illegal activities. Tenn. Code Ann. § 50-1-304, which was made applicable to local governments in 1997. Mr. Baines does not allege his termination was in violation of this statute.

from employment without cause, but they cannot be discharged for asserting a claim for workers' compensation benefits. The Court listed the elements required to make a prima facie case for this cause of action:

> Based on the principles stated in *Clanton v. Cain-Sloan Co.,* . . . the following elements are found to establish a cause of action for discharge in retaliation for asserting a workers' compensation claim: (1) The plaintiff was an employee of the defendant at the time of the injury; (2) the plaintiff made a claim against the defendant for workers' compensation benefits; (3) the defendant terminated the plaintiff's employment; and (4) the claim for workers' compensation benefits was a substantial factor in the employer's motivation to terminate the employee's employment.

*Anderson*, 857 S.W.2d at 558. The "burden of proof rests, of course, upon the plaintiff to prove the elements of the cause of action . . . ." *Id.*

## II. Mr. Baines's Suit Against Wilson County and WEMA

Mr. Baines argues that the trial court erred when it dismissed his claim for retaliatory discharge against Wilson County and WEMA. Both these governmental entities claim immunity pursuant to the Governmental Tort Liability Act ("GTLA"). We find that Wilson County and WEMA are immune pursuant to this Act and, therefore, affirm the trial court's dismissal of the suit against them.

In 1973, the General Assembly enacted the GTLA to "codify the general common law rule that 'all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities.'" *Limbaugh v. Coffee Med. Ctr.*, 59 S.W.3d 73, 79 (Tenn. 2001) (quoting Tenn. Code Ann. § 29-20-201(a)). To that end the GTLA provides:

> Except as may be otherwise provided in this chapter, all governmental entities shall be immune from suit for any injury which may result from the activities of such governmental entities wherein such governmental entities are engaged in the exercise and discharge of any of their functions, governmental or proprietary.

Tenn. Code Ann. § 29-20-201. This provision granting immunity is subject to waiver, and those instances of waiver, found in the GTLA's provisions, provide the basis for liability. *Limbaugh*, 59 S.W.3d at 79; *see* Tenn. Code Ann. § 29-20-202 (negligent operation of motor vehicles); § 29-20-203 (unsafe streets and highways); § 29-20-204 (dangerous structures); § 29-20-205 (negligent act or omission of employees). A personnel action, such as discharge, obviously does not fit within the first three waiver provisions.

With regard to the final waiver of immunity provision, that for injuries caused by the negligent acts or omissions of employees, this court has stated:

> An action for retaliatory discharge is by its very nature an action based on the intent of the employer to discharge the employee for availing himself of the statutory

-3-

remedy under the workers' compensation statutes. Therefore this would not be a negligent act or omission and immunity would not be removed at all. Thus the city enjoys complete immunity from this action.

*Montgomery*, 778 S.W.2d at 445. Thus, under the GTLA, a governmental entity is immune from liability for the common law tort of retaliatory discharge.

The *Montgomery* holding was applied in *Williams v. Williamson County Bd. of Educ.*, 890 S.W.2d 788, 790 (Tenn. Ct. App. 1994), wherein this court held that retaliatory discharge is not a negligent act or omission and, therefore, immunity is not removed. *See also Coffey v. Chattanooga-Hamilton County Hosp. Auth.*, 194 F.3d 1311, 1999 WL 824870 (6th Cir. 1999) (unpublished opinion) (prior to 1997 amendment to add governments as employers, Tennessee courts interpreted the statutory cause of action for retaliatory discharge under the whistleblower statute as subject to the GTLA, and governmental entities were immune from suit).

The holdings in both *Montgomery* and *Williams* are based upon the general grant of immunity in Tenn. Code Ann. § 29-20-201 and the fact that a retaliatory discharge claim does not fit in any of the specified circumstances under which immunity is waived. Under *Montgomery* and *Williams*, Mr. Baines's claim against Wilson County and WEMA was properly dismissed because the local government has not waived its immunity for injuries resulting from common law wrongful or retaliatory discharge.[2] Accordingly, any claim against Mr. Hale in his official capacity was also properly dismissed.

Another basis for liability of the government when an intentional tort is involved has been found to exist in specific situations. In some cases, plaintiffs have sued local governmental entities alleging that independent acts of negligence on the part of government employees led to, contributed to, or allowed injuries directly resulting from intentional acts. Those cases involve interpretations of another part of the GTLA. The removal of immunity for injury proximately caused by a negligent

---

[2] In support of another argument, the defendants have cited *Johnson v. Johnson*, No. 01-A-019204CV00166, 1992 WL 184743, at *2 (Tenn. Ct. App. Aug. 5, 1992) (Perm. app. denied, concurring in results only). Although Mr. Baines did not introduce *Johnson* into the discussion, he does point out that one of its findings is that a retaliatory discharge claim sounds in contract. Therefore, he argues that if this court should decide that the claim is a contract cause of action rather than tort, then we should find that the GTLA immunity does not apply. We decline to find that a claim based on retaliatory discharge is a breach of contract action because *Johnson* has no precedential value and because our courts have consistently described the common law retaliatory discharge cause of action as a tort.

An opinion which is designated denied concurring in results only ("DCRO"), now called "Not for Citation," "shall not be . . . cited by any judge in any trial or appellate court decision, or by any litigant in any brief . . ." except in limited circumstances which are not present herein. Tenn. R. S. Ct. 4. Therefore, the *Johnson* opinion may not be relied on by either party or this court, and we decline to consider it as the basis for any holding.

Our courts have repeatedly described this cause of action as a tort. *See Stein v. Davidson Hotel Co.,* 945 S.W.2d 714 (Tenn. 1997); *Chism v. Mid-South Milling Co., Inc.,* 762 S.W.2d 552 (Tenn. 1988)*; Smith v. Lincoln Brass Works, Inc.*, 712 S.W.2d 470 (Tenn. 1986); *Van Cleave v. McKee Baking Co.* 712 S.W.2d 94 (Tenn. 1986); *Clanton*, 677 S.W.2d at 441; *Montgomery*, 778 S.W.2d at 444 (applying the GTLA to hold the government immune). In addition, in *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896 (Tenn. 1992), the court held that punitive damages, which are appropriate in tort actions and not in contract actions, are available in a suit for retaliatory discharge.

act or omission of any employee is subject to specific exceptions, including where the "injury arises out of" enumerated intentional torts. Tenn. Code Ann. § 29-20-205(2).[3]

In *Potter v. City of Chattanooga*, 556 S.W.2d 543 (Tenn. 1977), the plaintiff sued the city for false arrest and assault and battery by city employees, police officers or jailers. She later amended her complaint to add a claim that the city had been negligent in screening and supervising its employees. The Supreme Court determined that the "true bases" for the injuries for which recovery was sought were false arrest, assault and battery. "The amendment, while leveling additional charges of negligence against the City, does not alter the fact that the injuries that are the subject of the action 'arose out' of the battery and the false arrest, and was not effective to avoid the immunity granted the City under T.C.A. § 23-3311 [now § 29-20-205]." *Potter*, 556 S.W.2d at 545. The Court further determined that false arrest and battery were within the exceptions to liability set forth in the statute. The statutory exception listed false arrest, but did not include battery, and later cases interpreted the exception as including all intentional torts.

In a recent decision, the Supreme Court overruled *Potter's* broad interpretation of the intentional tort exception to liability for negligent acts of employees. *Limbaugh*, 59 S.W.3d at 73. In that case, the plaintiff's mother was assaulted by a nursing assistant employed by a county owned nursing home. The plaintiff sued the nursing assistant for the assault and the injuries resulting therefrom. He also sued the county medical center, a governmental entity, for breaching its duty to take reasonable precautions to protect its residents from foreseeable acts of a violent staff member, alleging that the medical center had prior notice of the nursing assistant's propensity for violence. The trial court found that the medical center had ample forewarning of the potential for assault and awarded a judgment against the governmental entity for its negligence. The Court of Appeals reversed this judgment on the basis that the governmental entity could not be held liable, even for negligent acts of its employees, because of the statutory immunity for injuries "arising out of" the intentional conduct of its employees. In so holding, the Court of Appeals relied on *Potter*.

The Supreme Court reversed and held the medical center was liable for its negligence because it had assumed responsibility for the care and safety of its patients and owed a duty to exercise reasonable care to protect them from foreseeable harm. The court found the center acted negligently in failing to protect the patient from the foreseeable risk that she would be assaulted by a staff member known to be physically aggressive. *Limbaugh*, 59 S.W.3d at 81.

With regard to the intentional tort exception to liability, the Court reversed *Potter* and subsequent cases which evidenced an "overly broad application of the intentional tort exception." *Id*. at 83. The Court held that "Section 29-20-205 of the GTLA removes immunity for injuries caused by the negligent act or omission of a governmental employee except when the injury arises out of *only those specified torts enumerated in subsection (2)*." *Id*.

---

[3]That exception to liability for negligent acts includes injuries arising out of "false imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of right of privacy, or civil rights."

The practical result of this change in judicial interpretation was explained as follows:

Applying our conclusions to the present case, we first reiterate that Ms. Ray's assault of Ms. Limbaugh was a foreseeable consequence of CMC's failure to take reasonable precautions to protect its residents from the risk of abuse by this aggressive nursing assistant. Based on the plain language of § 29-20-205, the injury inflicted on Ms. Limbaugh was "proximately caused by a negligent act or omission" of this nursing home's supervisory personnel. Although it is that negligence of which the plaintiff complains, it is clear that Ms. Limbaugh's injuries "arose out of" the intentional torts of assault and battery committed by Ms. Ray. Because these torts are conspicuously absent from the intentional tort exception rendering governmental entities immune from liability for injuries, we hold that the clearly negligent defendant is not immune under this exception.

*Id*.

Retaliatory or wrongful discharge is not one of the intentional torts enumerated in Tenn. Code Ann. § 29-20-205(2). Thus, under *Limbaugh*, Wilson County and WEMA would not enjoy immunity for negligently allowing an employee, Mr. Hale herein, to intentionally cause Mr. Baines's injury. However, Mr. Baines made no claim that Wilson County was negligent in hiring, training, supervising, or retaining Mr. Hale. There were no allegations as to the foreseeability of Mr. Hale's actions or any other of the elements required to be plead in a negligence cause of action. In other words, there was no claim of independent acts of negligence by the governmental entities or their employees. Thus, *Limbaugh* does not save Mr. Baines's action against the governmental entities.

## II. Mr. Baines's Suit Against Mr. Hale Individually

We now turn to Mr. Baines's claim for retaliatory discharge against his supervisor Mr. Hale. Mr. Hale argues that, even if the court takes all the facts alleged by Mr. Baines as true, Mr. Baines has failed to state a claim for retaliatory discharge against him in his individual capacity because he is not Mr. Baines's employer. One of the required elements of a retaliatory discharge claim is that the plaintiff was an employee of the defendant at the time of the injury. *Anderson*, 857 S.W.2d at 558.

The issue before us, whether a supervisor can be individually liable for retaliatory discharge, is not one of first impression. In *Williams v. Williamson County Bd. of Educ.*, this court held that individual members of a board of education could not be liable for retaliatory discharge. *Williams,* 890 S.W.2d at 790. This court held that:

We do not think the complaint states a cause of action against the individuals for a retaliatory discharge. The discharge, if any, was by the board, not by the individuals. The plaintiff was not an employee of the individuals.

*Id.* at 790.

This court has also addressed whether a supervisor is an "employer" subject to liability in the context of a statutory cause of action for retaliatory discharge. In that statute, the General Assembly has provided protection from adverse employment actions based on an employee's refusal to participate in or remain silent about illegal activities, Tenn. Code Ann. § 50-1-304, known as the whistleblower statute. In a case involving an allegation of discharge in violation of the statute, while immunity of the governmental entity was acknowledged,[4] the plaintiff argued that the supervisor was an employer. This court disagreed, finding:

> Plaintiff argues that the previously-discussed authority of a utility superintendent to hire employees under the Act makes the utility superintendent "in effect the employer of the plaintiff and others similarly situated." Plaintiff's strained construction fails, in that while a superintendent may have statutory authority to retain and terminate Plaintiff and others, it is only in acting within the scope of his duties as general manager for HUB, the employer, that Defendant Hall could have effectuated the termination of Plaintiff. The termination of Plaintiff was not an action in Hall's individual capacity, but rather an action taken on behalf of the employer, HUB.

*Smith v. Harriman Utility Bd.*, 26 S.W.3d 879, 885 (Tenn. Ct. App. 2000). The court determined that because the employer, a governmental entity, was immune, the supervisor was immune for acts taken in his official capacity. Additionally, he had no liability in his individual capacity because he was not the employer. Thus, Mr. Baines's allegations that Mr. Hale "is the Chief of WEMA and solely and individually responsible for all decisions to hire and fire any member of the WEMA staff . . . ." are not sufficient to establish Mr. Hale as an employer. *See also Coffey v. Chattanooga-Hamilton County Hosp. Auth.*, 932 F. Supp. 1023, 1026 (E.D. Tenn. 1996) (declining to ascribe liability to individuals under the whistleblower statute because neither Tennessee courts nor the legislature had defined "employer" in that statute to include individual supervisors).

Similarly, in *Pewitt v. Buford*, No. 01A01-9501-CV-00025, 1995 WL 614327 (Tenn. Ct. App. Oct. 20, 1995) (no Tenn. R. App. P. 11 application filed), this court found that a county was a public employer for purposes of Tenn. Code Ann. § 8-50-601 et seq., the Public Employee Political Freedom Act of 1980, which prevents public employers from disciplining or otherwise discriminating against public employees for communicating with elected public officials. Because the county was the employer, the court determined, the individual supervisors were not.

> Our holding that Williamson County (hereinafter County) is the "public employer" is dispositive of the PEPFA claims against defendants Buford and Frensley, because they were the agents of County rather than [plaintiff's] employer, and the Act imposes liability only upon the "public employer."

*Penitt*, 1995 WL 614327, at *5.

The GTLA has a similar dichotomy, defining "employee" and "governmental entity" and clearly distinguishing the two. "Employee" includes any official, officer, employee or member of

---

[4] The action arose under the statute prior to its 1997 amendment which added governments as employers subject to an action for discharge in retaliation for refusing to keep silent about or to participate in illegal activities.

any board, agency or commission and any officer, employee or servant of a governmental entity. Tenn. Code Ann. § 29-20-102(2). Thus, an employee works for the governmental entity and is not the same as or equivalent to that entity. A supervisor, even an appointed official, is an employee under the GTLA. As the *Pewitt* court reasoned, status as an employee is inconsistent with status as an employer.

In 1997, the whistleblower statute was amended to extend its protection, and the cause of action based on it, to public employees. That change was accomplished by including in the definition of employer "the state, or any municipality, county, department, board, commission, agency, instrumentality, political subdivision or any other entity thereof." Tenn. Code Ann. § 50-1-304(g)(2). Thus, the legislature has chosen, in one specific type of retaliatory discharge, to define the employer subject to suit as the governmental entity, not an individual employee.

We find no basis for adopting a different meaning in the case of a common law claim. In fact, the Supreme Court's list of elements for such a cause of action clearly implies that employer does not include an employee, even a supervisor. The second element of a claim for retaliatory discharge is that the plaintiff made a claim against the defendant for workers' compensation benefits. Mr. Baines did not file a workers' compensation claim against Mr. Hale. Instead this claim was filed against the county.

From all of the above, we find that Mr. Baines failed to state a claim for retaliatory discharge against Mr. Hale in his individual capacity because Mr. Baines was not an employee of Mr. Hale.[5] He was an employee of WEMA and Wilson County. Therefore, we find that the trial court correctly dismissed Mr. Baines's claim against Mr. Hale.

## III. Conclusion

We find that Wilson County and WEMA are both immune from suit pursuant to the Tennessee Governmental Tort Liability Act. That immunity also applies to Mr. Hale acting in his official capacity. Further, Mr. Baines has not stated a prima facie case against Mr. Hale in his individual capacity for retaliatory discharge because Mr. Hale is not Mr. Baines's employer. Therefore, we affirm the decision of the trial court and remand this cause for any necessary further proceedings. All costs are taxed to the Appellant, Mr. Baines.

_____
PATRICIA J. COTTRELL, JUDGE

---

[5]We are aware that the GTLA, specifically Tenn. Code Ann. § 29-20-310, states that if a governmental entity is immune, the employee can be liable. However, for an employee to be liable, a cause of action must exist against the employee in his or her individual capacity. It is still necessary that all the elements of the tort are alleged by the plaintiff. Here, Mr. Baines has not done so and did not state a prima facie case of retaliatory discharge against Mr. Hale.

-8-