IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE

# CORA B. CANTRELL, ET AL. v. KNOX COUNTY BOARD OF EDUCATION, ET AL.

**Direct Appeal from the Circuit Court for Knox County**
**No. 2-774-93      Harold Wimberly, Judge**

---

**No. E1999-01557-COA-R3-CV - Decided June 19, 2000**

---

This appeal arises from a hearing in Circuit Court on a petition for certiorari, which sought review of the actions of the Knox County Board of Education and the Superintendent of the Department of Public Instruction.  The Court held that the Board and the Superintendent acted arbitrarily in its dismissal of the five teacher aides and held that the aides were entitled to back pay and benefits for the 1993-1994 Knox County School year, as well as prejudgment interest. On appeal, the teacher aides take issue with the Circuit Court's decision, insisting that they have causes of action under the Education Truth in Reporting and Employee Protection Act and for retaliatory discharge and that they had a reasonable expectation of retaining employment with the school system had they not been terminated for refusing training to perform catheterizations on students.  We affirm the Circuit Court's judgment with respect to its decision on the teacher aides' claims under the Education Truth in Reporting Act and retaliatory discharge, but remand for further proceedings on the issue of whether the aides are entitled to back pay, benefits, and interest for more than the 1993-1994 school year.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part, Reversed in Part, and Remanded**

GODDARD, P.J., delivered the opinion of the court, in which FRANKS and SWINEY, JJ. joined.

Herbert S. Moncier and Ann C. Short, Knoxville, Tennessee, for the appellants, Cora B. Cantrell, Joan I. Dozier, Sandra C. Barnard, Margaret H. Schaefer, and Mildred A. Morrell.

Richard T. Beeler and Mary Ann Stackhouse, Knoxville, Tennessee, for the appellees, Knox County Board of Education and Allen Morgan.

**OPINION**

This is an appeal from a judgment entered by the Knox County Circuit Court. The Appellants are Cora B. Cantrell, Joan I. Dozier, Sandra C. Barnard, Margaret H. Schaefer, and Mildred A. Morrell. They seek to reverse the judgment of the Trial Court against the Appellees, the Knox County Board of Education and Allen Morgan, in his capacity as Superintendent of the Knox County Department of Public Instruction.

The Appellants present the following issues, which we restate, on appeal:

1. Whether the Trial Court improperly dismissed for failure to state a cause of action the claim of the teacher aides that adverse employment action was taken against them when they reported their objections to training and performing catheterizations on students, thereby giving rise to a cause of action pursuant to the Education Truth in Reporting and Employee Protection Act of 1989.

2. Whether the Trial Court improperly dismissed for failure to state a cause of action the claim of the teacher aides that their employment termination was a retaliatory discharge for refusal to participate in and/or remain silent about illegal activities and that the discharge amounted to willful, wanton or gross negligence.

3. Whether the teacher aides, who pursued their legal remedies following their discharge on December 1, 1993, had a reasonable expectation of continued employment in the Knox County School System such that their damages should not be limited to an award of back pay and benefits for the remaining 1993-1994 Knox County school year.

We affirm the judgment of the Trial Court with respect to issues one and two and remand for further proceedings on issue three regarding damages.

When the 1993-1994 Knox County school year began, Ms. Cantrell, Ms. Dozier, Ms. Barnard, and Ms. Morrell were assigned to Halls Middle School as teacher aides, and Ms. Schaefer was assigned to Adrian Burnett Elementary School as a teacher aide.

During the first months of the 1993-1994 school year, the Appellants were informed that they would be required to receive training for performing catheterizations on students. When the Appellants refused to receive training to perform catheterizations on students, they were notified on November 23, 1993 that their employment with the Knox County School Board would be terminated at the Board of Education meeting on December 1, 1993.

In their original complaint, the teacher aides had contended that performing catheterizations was a Class B misdemeanor offense because it was the practice of nursing by unlicensed personnel under Tennessee Code Annotated § 63-7-120. The Appellees maintained that the practice of performing catheterizations by teacher aides was an exemption to the statute under Tennessee Code Annotated § 63-7-102. In June 1995 the State Department of Education issued a directive stating that it had been unaware of the provisions of Tennessee Code Annotated § 63-7-101, which provides for the practice of nursing. The Department further states in the directive to school superintendents and directors that it "had thought that local school personnel such as teaching assistants who had been trained by medical personnel could perform these medical procedures. The above referenced statutes indicate that local school personnel who are not licensed by the Health Related Board but who are performing these medical procedures would be included in the definition of practicing medicine without a license." Since this directive was issued, the Knox County Board of Education maintains that it has employed only licensed nurses to perform this procedure.

Before their termination in December 1993, the Appellants had been employed with the Knox County Board of Education for a number of years:

Ms. Dozier-- 14 years

Ms. Schaefer--9 years (in addition to 1 year of part-time service)

Ms. Barnard--8 years

Ms. Morrell–3 regular years (in addition to 1 year of temporary service)

Ms. Cantrell–1 year, 4 months

Furthermore, the Appellants who had received performance appraisals received commendable evaluations, the highest rating, and had been recommended for continued employment.[1] John Staley, Director of Personnel with Knox County Schools, acknowledged that the Appellants were excellent employees.

On December 30, 1993, the Appellants filed suit in Knox County Circuit Court for their wrongful employment discharge. The Trial Court took the case under advisement, and on May 14, 1999 the Trial Court ruled that the Appellants were entitled to back pay and benefits for only the year in which they were discharged and the prejudgment interest.

Each teacher aide was awarded the following amount:

| | |
|---|---|
| Ms. Cantrell | $ 7,918.99 |
| Ms. Dozier | $11,531.23 |
| Ms. Barnard | $ 9,650.71 |
| Ms. Schaefer | $ 9,922.11 |
| Ms. Morrell | $ 7,951.53 |

In their first issue, the Appellants argue that the Trial Court improperly dismissed for failure to state a cause of action with respect to the Education Truth in Reporting and Employee Protection Act of 1989. The Trial Court noted " that the purposes of that act, as set forth in the statute itself -- referring to, again, TCA 49-50-1401, what we refer to as truth in reporting, education truth in reporting act -- that the purposes of the act do not cover the factual situation contained in this case."

---

[1] In her performance appraisal for the 1992-1994 school year, Ms. Barnard received a "need for improvement" rating, but was recommended for continued employment. In her performance appraisal dated May 18, 1992, she received a "commendable" rating and was recommended for continued employment. The record does not contain performance appraisals for Ms. Morrell or Ms. Cantrell.

The Appellants contend that this Act "recognizes a civil cause of action against any person or employer on behalf of public education employees subjected to disciplinary measures, discrimination or harassment related to disclosure of educational actions not in the public interest." They maintain that the Act "encompasses and directly applies to the wrongful employment discharge of the Educational Assistants in this case." They assert that the Appellants are pubic education employees who objected both orally and in writing to performing catheterizations on students, and because of their objections to performing catheterizations, they were terminated from their employment. Therefore, the Appellants request that their cause of action regarding the Education Truth in Reporting and Employee Protection Act of 1989 be reinstated.

The Appellees, however, argue that the Trial Court correctly dismissed the Appellants' claims under the Education Truth in Reporting and Employee Protection Act because the statute is not applicable to the Appellants' case. The Appellees note that the only court to interpret the Act is a federal district court in Mosley v. Kelly, 65 F. Supp.2d 725 (E.D. Tenn. 1999). The Appellees maintain that the district court correctly interpreted the purpose of this Act to be a reduction of waste and mismanagement of education funds and to prevent "false reporting of statistical information, including false attendance reports, which can erroneously secure more money for certain school systems." The Appellants, however, assert that this Court is not bound by decisions of the federal district court, which incorrectly interpreted the statute.

Tennessee Code Annotated §§ 49-50-1401 through 49-50-1411 comprise the Education Truth in Reporting and Employee Protection Act of 1989. Section 49-50-1402 provides the purpose for the Act:

> (a) The purpose of this part is to discourage persons, whether employed, elected or appointed, who are required to furnish statistical data, reports or other information to local or state departments, agencies, or legislative bodies, from knowingly and willfully making or causing to be made any false or inaccurate compilation of statistical data, reports or information related to the operation of a local education agency as defined in § 49-1-103. It is the intent of the general assembly to reduce the waste and mismanagement of public education funds, to reduce abuses in governmental authority and to prevent illegal and unethical practices.
>
> (b) To help achieve these objectives, the general assembly declares

that public education employees should be encouraged to disclose information on actions of local education agencies that are not in the public interest, and that legislation is needed to ensure that any employee making such disclosures shall not be subject to disciplinary measures, discrimination or harassment by any public official.

Like the court in <u>Mosley</u>, we are of the opinion that the purpose of this Act was to reduce waste and mismanagement of education funds, and thus, is not applicable to the circumstances of the Appellants' case. Therefore, this issue is without merit.

In their second issue, the Appellants assert that the Trial Court improperly dismissed for failure to state a cause of action with respect to the Appellants' claim that their employment was terminated in retaliation for their refusal to participate in or remain silent about illegal activities, and that discharge amounted to willful, wanton or gross negligence. The Appellants acknowledge that the issue involving this claim concerns sovereign immunity and the Governmental Tort Liability Act, but contends that immunity from suit is removed when conduct "amounts to willful, wanton, or gross negligence." Thus, the Appellants argue that their retaliatory discharge claim was "based on willful, wanton, or gross negligence" and should not have been dismissed.

The Appellees, however, argue that the Trial Court properly dismissed the Appellants' cause of action for retaliatory discharge. The Appellees assert that the Appellants in their original petition for certiorari alleged "retaliatory discharge for refusal to participate in illegal activities .... in violation of Section 50-1-304 of the Tennessee Public Protection Act, commonly known as 'the whistleblower' statute," but the Appellees contend that in a move to avoid the sovereign immunity defense, the Appellants amended their claim to allege that their dismissal "amounted to willful, wanton, or gross negligence."

The Trial Court stated the following with respect to this issue:

There was another motion by respondent to dismiss the claim for retaliatory discharge. Based upon the authority of the case determined by Judge Cantrell, the Williamson County case that we discussed in our previous hearings, the Court

feels that motion is well-taken and that basis for recovery
is dismissed.

A 1997 amendment to Tennessee Code Annotated § 50-1-304 (commonly known as the Whistle Blower Statute) brought employees of the State of Tennessee within its purview. Before adoption of the amendment, this Court had held that the Governmental Tort Liability Act did not remove the immunity of governmental entities as to certain claims. One of those claims is retaliatory discharge, which is discussed in Williams v. Williamson County Board of Education, 890 S.W.2d 788 (Tenn. Ct. App. 1994). See Seals v. Jefferson City, an unreported opinion of this Court, filed in Knoxville on June 2, 1999.

As the Appellees note in their brief, the teacher aides' cause of action arose before the 1997 amendment and statutes do not have retroactive application unless specific language creates such. Thus, the Trial Court, citing Williams v. Williamson County Board of Education, 890 S.W.2d 788, 790 (Tenn. Ct. App. 1994), correctly held that sovereign immunity is a complete defense for a retaliatory discharge claim by the Appellants. We affirm the Trial Court's judgment as to this issue.

Lastly, the Appellants argue that they had a reasonable expectation of continued employment in the Knox County School System and because of such, they are entitled to damages for more than their back pay and benefits for the remaining 1993-1994 school year.

The Appellants point out that the Knox County Board of Education acted arbitrarily in discharging them "in contravention of its own catheterization policy." The Trial Court ruled that the Board acted arbitrarily regarding its policy which allowed aides uncomfortable with catheterization not to perform it but then discharged the Appellants who had stated that they would be uncomfortable in performing such a procedure. The Appellants assert that the "1993-1994 Knox County School Handbook, Policies, Procedures, Rules and Regulations contains language supporting an expectation by personnel such as Educational Assistants of continued employment based on 'evaluations' which for newly hired employees is to occur three times within a five year span." Moreover, the Appellants point out that as educational assistants or teacher aides they can participate

in pension plans and programs, which typically are not available to limited contract employment for a school year.

The Appellees, however, argue that the Trial Court correctly limited the Appellants' damages. The Appellees argue that the Appellants' contracts were for 200 days during the 1993-1994 school year and were for amounts ranging from $9,600 to $12,642. The Appellees argue that the Appellants, as teacher aides, were noncertified employees without tenure and do not have an "automatic right of renewal" in their positions. Furthermore, the Appellees note that the teacher aides' contracts state that the teacher aides "agree to serve in accordance with the Regulations for the Knox County Board of Education." The Appellees dispute the Appellants' reading of the Knox County Schools Handbook regarding periodic evaluations. The Appellees argue that the Handbook states that teacher aides are appointed annually, and therefore, the Appellants do not have a reasonable expectation of being rehired. Consequently, they are not entitled to back pay from the date of their termination on December 1, 1993 through July 21, 1999, the date the final judgment was entered.

Damages in a breach of contract case place the injured party, as nearly as possible, in the same position it would have been in had the contract been performed. Hennessee v. Wood Group Enterprises, Inc., 816 S.W.2d 35, 37 (Tenn. Ct. App. 1991).

In addressing this issue, we look first at the ruling of the Trial Court. The Court held that the Appellees acted arbitrarily in dismissing the Appellants because of their refusal to participate in training to perform catheterizations on students. As the Trial Court noted, the Appellees violated their own policy regarding the training, and therefore, the Appellants are entitled to damages.

The question before us is whether the Appellants had a "reasonable expectation" or a "reasonable assurance" of employment with the Knox County School Board had they not been dismissed for refusing to participate in catheterization training. In answering this question, we look first at the record presented to us on appeal. The Appellants had been employed anywhere from 1 year to 14 years, and nothing in the record indicates that the Appellants would not be recommended for continued employment. John Staley, Director of Personnel for the Knox County School System, acknowledged that the Appellants were excellent employees.

Because we have no case law in Tennessee on the issue of whether noncertified, nontenured school personnel have a reasonable expectation or reasonable assurance of continued employment, we reviewed case law from jurisdictions. The cases dealt with whether noncertified, nontenured personnel were entitled to unemployment compensation during the summer months because they had a "reasonable assurance" of employment the following school year. Courts in these jurisdictions held that noncertified, nontenured personnel who have a "reasonable assurance" of employment the following school year are not entitled to unemployment compensation during the summer months. McCann v. Ross, 74 A.D.2d 697 (N.Y. App. Div. 1980) (teacher's aide was not eligible for benefits pursuant to the federal Special Unemployment Assistance Act because she had a reasonable expectation that her employment would resume following the summer vacation period); Schoenfeld v. Board of Review, 395 A.2d 528 (N.J. Super. Ct. App. Div. 1978) (because teacher's aide had an oral understanding that she would return to work after the summer break, she was ineligible for unemployment benefits under the federal Special Unemployment Assistance Act).

The Appellants' argument that they would have been retained as educational assistants or teacher aides by the Knox County School Board had it not been for their termination is persuasive. Although the Appellants were noncertified, nontenured personnel, they certainly could have had a reasonable expectation or reasonable assurance of retaining their positions with the Knox County School Board. Nothing in the record indicates that these individuals would not have been retained, as they had been for many years in most of their cases, but for their dismissal for refusing to participate in catheterization training.

.

Based on the foregoing, we affirm the judgment of the Trial Court on issues one and two and remand to the Trial Court for further proceedings on issue three regarding damages. Costs of the appeal are adjudged against Knox County Board of Education and Allen Morgan.