IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 15, 2005 Session

# RICKEY W. PENDLETON v. THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY

Direct Appeal from the Circuit Court for Davidson County
No. 02C-3205    Thomas Brothers, Judge

No. M2004-01910-COA-R3-CV - Filed September 1, 2005

Plaintiff seeks to recover from the Metropolitan Government of Nashville and Davidson County for injuries received when he was arrested by officers of the Nashville Metropolitan Police.
In his complaint, Plaintiff asserts that the actions of the officers constituted an assault and battery, and further argues that the government is vicariously liable through respondeat superior.  The trial court granted summary judgment in favor of the government after finding that a stand alone allegation of respondeat superior was insufficient to sustain a claim under the Tennessee Governmental Tort Liability Act for damages resulting from intentional torts.  Rather, the court held that Plaintiff needed to plead a separate and distinct claim of negligence on the part of the Metropolitan Government.  Plaintiff has appealed the ruling of the trial court.  Because we find that the trial court correctly found that the GTLA requires a plaintiff to assert separate claims of negligence against governmental entities in cases arising from intentional torts,  we affirm.

Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

Phillip L. Davidson, Nashville, Tennessee, for the appellant, Rickey Pendleton.

Kevin C. Klein and J. Brooks Fox, Nashville, Tennessee, for the appellees, The Metropolitan Government of Nashville and Davidson County.

## OPINION

### Factual Background and Procedural History

On November 18, 2001, Plaintiff Rickey Pendleton ("Pendleton") visited an acquaintance, Pamela Scott ("Scott"), at the Homestead Suites located on McGavock Pike in

Nashville, Tennessee. Upon arrival, Pendleton discovered Scott "going berserk" and tearing up her hotel room. Pendleton suspected Scott of drug use and noticed syringes in the room. As a result of Scott's behavior, the hotel manager called the Nashville Metro Police and Sergeant Swisher, Officer Christy, and Officer Henshaw (cumulatively referred to as "the officers") responded to the scene. When Ms. Scott ignored the police officers' request that she come out of her hotel room, the officers grabbed her by the arm and escorted her outside.

Due to Scott's resistance, the officers placed Scott face down on the ground and attempted to handcuff her. Believing that the officers were using unnecessary force in Scott's arrest, Pendleton tried to intervene, but was instead escorted away by Sergeant Swisher. During this encounter, Pendleton told Sergeant Swisher that he had a gun. In response, Swisher pushed Pendleton into the wall and Pendleton fell to the ground, injuring his head. Pendleton also claims that the officers hit him with nightsticks, stomped on his back, and kicked him in the ribs. After handcuffing Pendleton, the officers found a loaded gun in his back pocket.

Pendleton filed suit against the Metropolitan Government of Nashville and Davidson County ("Metropolitan Government") on November 8, 2002, asserting liability for assault and battery under the Tennessee Governmental Tort Liability Act ("GTLA"). Pendleton later amended his complaint to further allege liability against the Metropolitan Government because his injuries were proximately caused by the *negligent* actions of the police officers, who acted within the scope of their employment.[1] None of Pendleton's pleadings set forth any claim of negligence against the Metropolitan Government.[2]

On April 30, 2004, the Metropolitan Government filed a motion for summary judgment arguing that Pendleton's assault and battery claim failed under the GTLA because Pendleton could not show that the Metropolitan Government acted negligently in failing to prevent the alleged harm. In support of its motion, the Metropolitan Government provided affidavit proof that the officers were extensively trained and had received no prior complaints for excessive force. In response, Pendleton again failed to assert that the Metropolitan Government acted negligently, but rather argued that the Metropolitan Government was vicariously liable pursuant to the doctrine of respondeat superior. The trial court granted summary judgment for the Metropolitan Government, holding that a specific claim of negligence must be asserted against a municipality in order for a waiver of governmental immunity to occur under the GTLA. Pendleton appeals from the trial court's ruling raising the issue of whether, under the GTLA, the Metropolitan Government can be held vicariously liable for the intentional actions of its

---

[1] Although Pendleton later claimed that the officers acted negligently, he continued to only assert claims of assault and battery against them. It is well settled in Tennessee that assault and battery constitute intentional torts, not acts of negligence. *See Limbaugh v. Coffee Medical Center*, 59 S.W.3d 73, 84 (Tenn. 2001).

[2] In his final Amended Complaint, Pendleton alleges that it was foreseeable on the part of the Metropolitan Government that police officers in general *could* commit acts of assault and battery. However, Pendleton asserted no facts showing that the Metropolitan Government had notice of any violent propensities on the part of the police officers in this case.

employees solely under the doctrine of respondeat superior. For the reasons contained herein, we hold that Pendleton cannot proceed against the Metropolitan Government under a claim of respondeat superior and affirm the trial court.

## Standard of Review

Summary judgment is appropriate only when the moving party can demonstrate that there are no disputed issues of material fact and that it is entitled to judgment as a matter of law. Tenn. R. Civ. P. 56.04; *Byrd v. Hall,* 847 S.W.2d 208, 214 (Tenn. 1993). Specifically, the moving party must affirmatively negate an essential element of the nonmoving party's claim or conclusively establish an affirmative defense. *McCarley v. West Quality Food Serv.,* 960 S.W.2d 585, 588 (Tenn.1998). When a party makes a properly supported motion for summary judgment, the burden shifts to the nonmoving party to establish the existence of disputed material facts. *Id.*

A mere assertion that the nonmoving party has no evidence does not suffice to entitle the moving party to summary judgment. *Id.* Rather, in determining whether to award summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Staples v. CBL & Assocs.,* 15 S.W.3d 83, 89 (Tenn. 2000). The court should award summary judgment only when a reasonable person could reach only one conclusion based on the facts and the inferences drawn from those facts. *Id.* Summary judgment is not appropriate if there is any doubt about whether a genuine issue of material fact exists. *McCarley,* 960 S.W.2d at 588. We review an award of summary judgment *de novo*, with no presumption of correctness afforded to the trial court. *Guy v. Mut. of Omaha Ins. Co.*, 79 S.W.3d 528, 534 (Tenn. 2002).

## GTLAClaim

In 1973, the Tennessee General Assembly codified the rules of governmental immunity by enacting the GTLA, which partially waived immunities previously afforded to the government under common law. 1973 Tenn. Pub. Acts ch 345, *codified at* Tenn. Code Ann. § 29-20-101 *et seq.* (2005). Section 29-20-205 of the GTLA removes governmental immunity "for injury proximately caused by a negligent act or omission of any employee within the scope of his employment." However, § 29-20-205(2) of the Act, often referred to as the "intentional tort exception," specifically preserves governmental immunity for any claims arising from "false imprisonment pursuant to a mittimus from a court, false arrest, malicious prosecution, intentional trespass, abuse of process, libel, slander, deceit, interference with contract rights, infliction of mental anguish, invasion of right of privacy, or civil rights."

As previously stated, the only issue raised on appeal is whether, in accordance with the GTLA, a governmental entity may be held vicariously liable under respondeat superior for the commission of an assault and battery by a governmental employee. Specifically, Pendleton asserts that the trial court erred in holding that he needed to plead a separate and distinct claim of negligence on the part of the Metropolitan Government in order to retain it as a defendant.

-3-

Pendleton argues in his brief to this Court that the negligence requirement is almost impossible to meet since even well selected, well supervised, well trained, well acting law enforcement officers can, on occasion, use more force than is necessary when arresting a citizen.

The Tennessee Supreme Court has previously addressed the issue of government liability under the GTLA for assault and battery in *Limbaugh v. Coffee Medical Center*, 59 S.W.3d 73 (Tenn. 2001). The plaintiff in *Limbaugh,* on behalf of his elderly mother, filed suit under the GTLA against the Coffee Medical Center, a state run nursing facility, to recover damages for injuries his mother received after being physically assaulted by a nursing assistant. *Id.* at 76. At trial, the court found that the medical center had prior knowledge of violent acts committed by the nursing assistant, but nevertheless failed to take reasonable precautions to protect residents and guests of the center. *Id.* at 77. In finding that the plaintiff could assert an assault and battery claim against the medical center under the GTLA, the Supreme Court made two critical findings. First, the court held that the "intentional tort exception," enumerated in section 29-20-205(2) does not immunize governmental entities from liability arising out of assault and battery claims since such claims are "not specifically enumerated in the intentional tort exception." *Id.* at 81. Next, the court found a waiver of governmental immunity under Tenn. Code Ann. § 29-20-205 because the injuries suffered by the plaintiff's mother were proximately caused by the Coffee Medical Center's *negligence* "in failing to take reasonable precautions to protect [her] from the foreseeable risk that she would be assaulted by a staff member known to be physically aggressive." *Id.* at 76, 81.

Later decisions applying the ruling in *Limbaugh* affirm that the GTLA does not allow plaintiffs to hold governmental entities vicariously liable for intentional torts not exempted under section 29-20-205(2), but rather requires a direct showing negligence on the part of the governmental entity. In *Baines v. Wilson Co*, 86 S.W.3d 575 (Tenn. Ct. App. 2002), the plaintiff, Baines, filed a retaliatory discharge claim under the GTLA against Wilson County, Tennessee, after a county employee, Hale, fired him for filing a workers' compensation claim. *Id.* at 577. In finding Wilson County immune from suit, this Court engaged in a similar analysis set forth in *Limbaugh* and held that

> [r]etaliatory or wrongful discharge is not one of the intentional torts enumerated in Tenn. Code Ann. § 29-20-205(2). Thus, under *Limbaugh*, Wilson County...would not enjoy immunity for *negligently* allowing an employee...to *intentionally* cause Mr Baines's injury. However, Mr. Baines made no claim that Wilson County was negligent in hiring, training, supervising, or retaining Mr. Hale. There were no allegations as to the foreseeability of Mr. Hale's actions or any other of the elements required to be plead in a negligence cause of action. In other words, there was no claim of *independent acts of negligence* by the governmental entities or their employees. Thus, *Limbaugh* does not save Mr. Baines's action against the governmental entities.

*Baines*, 86 S.W.3d at 581 (emphasis added).

-4-

The case at bar is analogous to that in *Baines* because, like the *Baines* plaintiff, Pendleton has also failed to assert a separate and distinct claim of negligence against the Metropolitan Government. Despite this, Pendleton nevertheless asserts that this Court should find his claim against the Metropolitan Government actionable under respondeat superior. We disagree. The GTLA is a statutory abrogation of the common law and, as a result, this Court must strictly interpret its provisions. *Limbaugh*, 59 S.W.3d at 83. As previously construed by the Tennessee Supreme Court in *Limbaugh* and later affirmed by this Court in *Baines*, the GTLA clearly requires a showing of negligence on the part of a governmental entity before it can be held liable for intentional torts committed by its employees. *Limbaugh*, 59 S.W.3d at 83; *Baines*, 86 S.W.3d at 581. Therefore, since Pendleton failed to show any act of negligence on the part of the Metropolitan Government, we find no waiver of governmental immunity under the GTLA and thus hereby affirm the grant of summary judgment by the trial court. Costs of this appeal are taxed to the Appellant, Rickey W. Pendleton, and his surety.

_____
DAVID R. FARMER, JUDGE

-5-